## NEWTON SMITH

*v.*

## SYLVESTER S. NEWTON *et al.*

1. CHANCERY—*jury to decide as to preponderance of evidence on trial of issue by them.* When an issue in chancery is tried by a jury under the 40th section of the Chancery Act, and the evidence is conflicting, it is the province of the jury to weigh, consider, and find on which side the preponderance is.

2. SAME — *duty of court, when issue found by jury.* Where the finding of the jury, on issues in chancery, is clearly against the evidence, the court will set it aside and submit the issues to another jury or render a decree on the evidence heard on the trial of the issue; but where the evidence is irreconcilably conflicting, the court will not interfere with the finding, unless it can be seen it is clearly wrong.

3. WITNESS—*party attempting to bribe, not entitled to be believed unless corroborated.* A party to a suit in chancery wrote a letter to a witness, in which he recites certain facts, and concludes in these words: "Should these facts appear in your evidence, which I have not the least doubt it will, you may expect to hear from me again in a way that will do you good in these hard times, for my motto is, 'do all things well,'" and when asked to explain this letter, he said he had no explanation to make. The testimony of the witness to whom the letter was addressed did not accord with the facts stated in the letter and testified to by the writer: *Held,* that a party who makes such a proposition to a witness can hardly expect a court or jury to give much weight to his testimony, and that under such circumstances a jury are warranted in disregarding his testimony, unless supported by other and more trustworthy evidence.

APPEAL from the Circuit Court of Bureau county; the Hon. EDWIN S. LELAND, Judge, presiding.

Mr. J. B. RICE, and Mr. GEORGE W. STIPP, for the appellant.

Messrs. FARWELL & WARREN, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears that appellant filed his bill in chancery to foreclose a mortgage on an eighty-acre tract of land, given by one Charles W. Shinkle, to secure the payment of a note for $520, payable to John W. Dickinson; that afterwards, on the 29th day of October, 1859, Dickinson sold and assigned the note and mortgage to appellant; that appellee Newton, at that time, was the owner of the lands subject to this mortgage. The bill charges that appellant, whilst negotiating for the note and mortgage, saw Newton, and he stated that the note and mortgage were valid and binding, and that he would pay the money, but might want an extension of time, and would pay ten per cent interest therefor, the note on its face drawing but six per cent; that appellant relied on Newton's representations and purchased the note and mortgage, and would not have done so had it not been for such representations.

The bill alleges that the money named in the note is due and unpaid; that the other appellees claim to have some interest in the land, and prays a foreclosure of the mortgage and sale of the land to pay the same.

Newton answered, admitting the making of the note and mortgage, as alleged; that they were assigned by Dickinson to appellant, but appellant never called on him to learn whether the note and mortgage were valid and would be paid, and denies that he ever informed appellant that they were valid and would be paid, or that appellant ever purchased them on any such assurances from him. The answer sets up that the consideration of the note and mortgage was for the purchase of a tract of land sold by Dickinson to Shinkle; that the former gave to the latter a bond for a conveyance by good title when he, in fact, had no title; and that the consideration of the note

had failed. Appellant having purchased the note after maturity, he took it charged with all defenses.

A replication was filed to the answer, and the court ordered that an issue be formed, to be tried by a jury, whether " Newton, before or at the time of the purchase of the note and mortgage in question by complainant, represented to complainant that the mortgage was all right—good security—and that he, Sylvester S. Newton, would pay the same ;" and whether appellant did rely upon such representations, and was thus induced to purchase the note and mortgage.

A trial by a jury was had on this issue, which resulted in a finding by the jury, that Newton made no such representations, nor did appellant rely on such statements. Complainant thereupon entered a motion for a new trial, which was overruled, and a decree was entered dismissing complainant's bill. From that decree he appeals to this court and asks a reversal.

The whole question turns upon the sufficiency of the evidence to sustain the finding of the jury. An examination of the evidence shows that it is entirely contradictory and wholly irreconcilable. Appellant and Dickinson swear positively, that the representations were made, giving time, place and circumstances. On the other hand, Newton, with Dixon, who was present at the time, seems to be equally positive and emphatic, that no such representations were made. They say no questions were asked in reference to the mortgage, but the conversation related to the purchase, by Dickinson, of the bond he had given to Shinkle for the land to which he held no title, and which Newton held by assignment.

There can be no doubt that the witnesses all testify to the same conversation, and there is as little doubt that all of these persons were there at the time, and each gives his version of what occurred; but the witnesses are the poles apart in their statements. In such cases it is the province of a jury to weigh, consider, and find on which side the preponderance is to be found, and an issue in chancery forms no exception to the rule, when formed under the 40th section of the Chancery

Act. Where the finding is clearly against the evidence, the court will set it aside, and submit the issues to another jury, or render a decree on the evidence heard on the trial of the issue. The evidence, then, being so irreconcilably conflicting, the court will not interfere unless it can be seen that the finding is clearly wrong. Mere doubts as to the preponderance will not be sufficient. The court must feel that it would be inequitable to render a decree in accordance with the finding, before it will be set aside.

Newton and Dixon seem to be wholly unimpeached, unless it be by contradictory evidence of the other witnesses. On the other hand, appellant's evidence is much damaged by his letter to Shinkle. In it he recites the facts substantially as he does in his testimony, and then concludes with this language: " Now, Mr. Shinkle, I place the fullest confidence in your giving your testimony in accordance with the above statement. Should these facts appear in your evidence, which I have not the least doubt it will, you may expect to hear from me again in a way that will do you good in these hard times, for my motto is, do all things well." In testifying, he was called on to explain this letter, but he said he had no explanation to make. The force of this proposition will be better understood when it is seen that Shinkle's evidence did not accord with the statement of facts made by appellant in his letter to him.

When a party makes such a proposition to a witness, to procure evidence on his trial, it can hardly be expected that much, if any, weight will be given to his testimony, either by the court or jury. The jury were, under the circumstances, fully warranted in disregarding his testimony, unless supported by other evidence more trustworthy in its character. As to Dickinson, nine witnesses who were acquainted with his character for truth and veracity, testified that it was bad. Opposed to this, there were fourteen who testified it was good. In this conflict it was for the jury to weigh it and determine whether it impeached him, and if so, to what extent. If they gave less weight to his evidence than that of Newton or Dixon,

they were fully warranted in doing so, from the testimony. After a careful perusal of the entire evidence in the case we are unable to say that the jury were not fully warranted in finding as they did.

Stress is laid on the fact, that Newton wrote to appellant asking further time to pay the note, and that he admitted to Draper that he owed it. This he explains, by saying that he had not then learned that there was no title in Dickinson for the land for which the note was given, and that the consideration had failed. If he did not represent that the mortgage was good and valid before appellant purchased it, then we do not see how such admissions could charge him. There was no consideration to support the promise, and appellant is not shown to have been misled by these after statements, to his injury, or to have suffered loss thereby. If they were made under mistake, then Newton should not be harmed by them, as they in nowise affected injuriously appellant's rights.

A careful examination of the whole record fails to disclose any error for which the decree should be reversed, and it must be affirmed.

*Decree affirmed.*